# ENGLISH & SMITH

ATTORNEYS AT LAW
COURTHOUSE SQUARE
526 KING STREET, SUITE 213
ALEXANDRIA, VIRGINIA 22314

TELEPHONE:
(703) 548-8911

FACSIMILE:
(703) 548-8935

August 18, 2005

AUSA Barry Wiegand
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

    RE United States v. Tommy Nguyen
      Case No. 1:05-MJ-398-DAR

Dear Mr. Wiegand:

  I am writing to inform you that I have been retained to assist Mr. Tran in presenting Tommy Nguyen's defense. A copy of my praecipe is enclosed.

  I would appreciate it if you would provide us with the discovery to which we are entitled without the necessity of a formal discovery request. I would also appreciate an opportunity to discuss a possible disposition of this case with you.

  As you know, the applicable case law requires you to disclose to me any evidence of an exculpatory nature. As an aid to you in discharging this responsibility, I am submitting this letter to make a series of specific demands pursuant to Brady v. Maryland, 373 U.S. 83 (1967), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. I request that you immediately furnish to the defense all information in the possession, custody, or control of the government, which is arguably exculpatory. This includes, but is not limited to, any and all information which may tend to affect, in any adverse way, the reliability, credibility, bias, motive, or prejudice of any witness or agent of the government and any information which may be useful to the defense pertaining to the accused's guilt or to the nature of punishment the accused should receive, if convicted. This request includes, but is not limited to:

  1. All material, including but not limited to all statements, law enforcement reports and investigative reports and/or notes of law enforcement agents,[1] electronic, mechanical or video recordings and all copies thereof known to the government or which, through the exercise of due diligence, could be found and which may lead to arguably favorable material.

  2. Any contradictory statement or statements made by any person, written or oral, sworn or unsworn, interviewed by the government which are arguably exculpatory to the accused,[2] including but

---

[1] For an example of a case in which the prosecution failed to comply with its disclosure obligation regarding agent reports in one of my office's cases, see United States v. Lewis, 35 F.3d 148 (4th Cir. 1994).

[2] Differing accounts of the witnesses may be exculpatory to the accused and material to the defense. Thus, for example, if one person made a statement that the accused was at a specific place and did a specific act, and another person either failed to mention that the accused was at that place or did that act, or has a different version of events, this evidence would be exculpatory to the accused. This also includes any prior inconsistent statement that a witness has made to his defense attorney, and which the defense attorney has relayed to a prosecutor as part

(continued...)

not limited to testimony at any preliminary hearings, grand jury testimony, interviews by law enforcement authorities, statements to rescue squad personnel, paramedics, doctors, nurses or other medical personnel, and statements to victim/witness personnel. In addition, the Federal Bureau of Prisons and many state and local penal facilities record all conversations by inmates except those made to their attorneys. I request that you obtain and review all such recordings with respect to any prosecution witness who has been an inmate to determine if they contain any exculpatory material.[3]

3. Any and all statements, written or oral, sworn or unsworn, of any person which are in any way contradictory to other statements, written or oral, sworn or unsworn, of such witness, including but not limited to testimony at any preliminary hearings, grand jury testimony, statements to the enforcement authorities, rescue squad personnel, paramedics, or other medical personnel, and statements to victim/witness personnel.

4. Any and all material which would adversely reflect on the credibility, sobriety, reliability, veracity, propensity for violence and/or bias of any witness to be called by the government. The information here requested includes, but not limited to:

    (a)    the jurisdiction, venue, disposition and nature of all criminal charges, now pending, involving in any manner any witness to be called by the government;

    (b)    the jurisdiction, venue, disposition and nature of all criminal charges involving in any manner any witness to be called by the government which have been previously concluded;

    (c)    the jurisdiction, venue, disposition and nature of all criminal charges involving in any manner any person who is alleged to have participated in the offenses in question which have been previously concluded;

    (d)    the names and addresses of all witnesses interviewed by the government who can give evidence[4] which would tend to reflect adversely on the credibility, reliability, or veracity of any witness to be called by the government; and

    (e)    a statement detailing whether any witness to be called by the government has taken a polygraph examination regarding the allegations which are subject of this indictment and, if so, then as to each person:

        (1)    the name of the witness;

        (2)    the date, time and place of the polygraph examination or examinations;

---

[2](...continued)
of a proffer. See Spicer v. Warden, 194 F.3d 547 (4th Cir. 1999).

[3]In federal cases, the Bureau of Prisons' tape recordings of an informant using jailhouse payphones are discoverable as Jencks material under the provisions of 18 U.S.C. §3500. See United States v. Ramirez, 174 F.3d 584, 588 (5th Cir. 1999).

[4]The term "evidence" as it is used throughout this letter encompasses all material which lends support for a particular proposition regardless of whether such evidence is likely to be admissible in a court of law and includes, but is not limited to, statements, either written or oral, sworn to unsworn, confessions made by any co-defendant, and notes, records, reports or memoranda.

   (3) the number of tests given;

   (4) the number of tests the witness passed or failed or showed deception;

   (5) the name and credentials of the operator; and

   (6) a copy of the polygraph chart and the examiner's notes for independent evaluation by the defense.

 5. Any and all evidence that any witness had either consumed or had in his possession any alcohol or controlled substance, or drug paraphernalia on the date in question.

 6. Copies of statements, either written or oral, sworn or unsworn, of any person interviewed by any agent of the government which are arguably favorable or in any way exculpatory to the accused.

 7. The exact nature of any plea bargains, agreements, promises, arrangements, or understandings, either express or implied, written or oral, the government has with any witness it intends to call, including a copy of the agreement if written.  This request includes, but is not limited to:

   (a) any agreements dismissing or *nolle prossing* charges against the witness;

   (b) any agreements concerning sentencing of any witness;

   (c) any and all agreements not to bring any other criminal charges in this jurisdiction or any other jurisdiction, state or federal;

   (d) any agreements to prosecute the person as a juvenile and/or not to seek a transfer of said person so as to prosecute him as an adult; and

   (e) any agreements involving leniency, including any offered disposition to a lesser charge.[5]

 8. The nature of any and all grants or promises of immunity given to any witness, including a copy of the grant if written, and a statement detailing:

   (a) whether such immunity is state or federal;

   (b) the jurisdiction in which the immunity was conferred; and

   (c) the extent of each and every immunity agreement or understanding.

 9. Any agreements, promises, arrangements, or understandings, whether written or unwritten, implied or express, to forebear prosecution against any person who witnessed the events in question, or the activities leading up to the events alleged in the charges.  I also request, pursuant to United States v. Ray, 731 F.2d 1361 (9th Cir. 1984), notice of any criminal conduct committed by such persons after the execution of their agreement because it constitutes evidence of bias and motive.

---

[5] There is no question that the defense is entitled to this information for use in cross-examining witnesses for bias.  See United States v. Chandler, 326 F.3d 210 (3d Cir. 2003) (holding that court impermissibly restricted defendant from cross-examining two government witnesses who were members of alleged conspiracy concerning extent of sentence reduction they believed they earned or would have earned from their testimony, in violation of defendant's confrontation rights).

Page 4

     10.    Copies of the criminal record(s), including juvenile records, of any witness who the prosecution intends to call at the trial in this case.

     11.    Any and all evidence in the possession of the government, including statements of witnesses or other persons, that is in any way inconsistent with the evidence the government intends to introduce at trial.

     12.    Copies of all written reports, and summaries of oral reports of a medical, scientific, or forensic nature, which relate in any manner to this case and which are in any way exculpatory to the accused. This request includes reports on toxicology, serology, physical specimen comparison, ballistics, drug identification, fingerprint comparison, handwriting comparison, urinalysis, breath test, and physical and mental examinations of the alleged victim(s) and/or witness(es).

     13.    The names and addresses of any persons interviewed by any agent of the government who failed to identify and/or mention the accused as being engaged in any and all of the alleged criminal activity charged in the indictment.  This request includes, without limitation, written or unwritten statements which in any way contradict the government's evidence.

     14.    Any and all evidence from which it can be argued that the accused was trying to withdraw, was standing apart, or was otherwise not taking a part in the event that is alleged to have occurred on the day(s) in question.

     15.    The time, date and location that any statements, notes, records, reports, memoranda and/or evidence falling under paragraphs 2,3,6,7, and 8 of this letter were made, as well as the name, title, and address of the person who provided such evidence and the name, title, and address of the person to whom such evidence was provided.

     16.    If the prosecution intends to call any government employees or prisoners as  witnesses, I request that you review their personnel files to determine if any <u>Brady</u> material exists.  For example, if a District of Columbia Department of Corrections employee will testify, I expect you to review his personnel file to determine if there are any arguably exculpatory materials contained therein such as any disciplinary actions for untruthfulness which will reflect on the witness's credibility.  Similarly, if the witness has been disciplined this information is discoverable because it indicates the bias of the witness in that he would have a motive to fabricate testimony to avoid being placed in a bad light in order to avoid having his employment terminated.  The same rationale would apply to police officers and other employees.  We note that the Office of the United States Attorney for the District of Columbia maintains a list of police officers who should not be called as prosecution witnesses because there are disciplinary actions pending against them, they have been indicted, they have a history of perjury, or for various other reasons.  If any government witness's name appears on this list, we ask that it be disclosed to us.  For prisoner witnesses, the possibilities for impeachment are even greater.  The specific authority for this request is <u>United States v. Lacy</u>, 896 F. Supp. 982 (N.D. Cal. 1995), wherein Judge Patel ruled that prosecutors have an affirmative duty to personally review the personnel files of testifying agents for exculpatory material upon receiving a defense request.  This ruling was based upon <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995) which was quoted as follows:

> The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police . . . .

I also direct your attention to United States v. Wood, 57 F.3d 733 (9th Cir. 1995), which held that the prosecution's failure to turn over information from FDA's regulatory files that would have contradicted the government's expert witness was a Brady violation.

17.     I request that you disclose to me the entire DEA Informant File (or other law enforcement equivalent) of any witness who has agreed to cooperate with the prosecution.  At a minimum this file should contain the following things:

    (a)     A copy of his agreement to cooperate with the government (DEA Form 473 or equivalent).

    (b)     A debriefing report or outline of what type of cases he might produce.

    (c)     His personal and criminal history.

    (d)     The amount of money paid to him for information and expenses (DEA Form 356 or equivalent).

    (e)     What he might expect at sentencing in return for substantial assistance.

    (f)     Internal memoranda prepared by the control agent documenting informant misconduct and deactivation (commonly known as "blacklisting").

    (g)     Whether the informant has ever been enrolled in the U.S. Marshal's Witness Security Program and, if so, an itemized list of funds expended to and for him.

    (h)     Whether the informant is on probation or parole and,  if so, the name of the parole or probation officer who gave permission for his use.

In addition, I request an accounting of any rewards paid.  *See, e.g.*, 28 U.S.C. §§524(c)(1)(B) and (C) (authorizing payments of rewards and expenses), and §524(c)(2) (authorizing rewards of 25% of the value of seized property up to $250,000).

18.     For an example of how a conviction has been reversed when the prosecutor failed to disclose Brady material regarding one of my clients, *see* United States v. Kelly, 35 F.3d 929 (4th Cir. 1994); *see also*, United States v. Smith, 77 F.3d 511 (D.C. Cir. 1996) (reversing conviction for prosecution's failure to disclose that it had agreed to dismiss two charges against a codefendant who became a government witness, and for the failure of the district court to review the witness' medical records to determine if his psychiatric history constituted a relevant subject for impeachment); United States v. Cuffie, 80 F.3d 514 (D.C. Cir. 1996) (reversing conviction for prosecution's failure to disclose that its key witness had perjured himself in another judicial proceeding); *Cf.*, United States v. Love, 329 F.3d 981 (8th Cir. 2003) (District court impermissibly restricted defendant's cross-examination of crucial government witnesses concerning his impaired memory diagnosis, in violation of defendant's confrontation rights).

19.     In conclusion, in accordance with the authority provided by Kyles v. Whitley, *supra*, I request disclosure of any and all evidence that either alone **or in conjunction with other evidence** of any character may cast doubt upon the defendant's guilt.  Because evidence is interactive, one piece of evidence may act conjunctively with another piece of evidence to produce an exculpatory effect.  That type of evidence is included within the ambit of this request.  This request includes any and all exculpatory evidence in the possession of the prosecution, including all exculpatory information gathered by any formal or informal state or federal investigation.  This request includes any evidence which in any

way calls into question the credibility of the prosecution's case, including information establishing that the testimony of a prosecution witness is inconsistent with other information in the government's actual or constructive possession. Thus, if the statements of two witnesses are inconsistent, they should be disclosed to us. If a witness made prior inconsistent statements, or was formerly unable to recall information, or unable to identify the defendant, it is exculpatory. This request includes all information the defense may use, either alone or in conjunction with other evidence, that bears on the character or quality of the police investigation. Specifically, we request any evidence of other informants, leads, and suspects, including but not limited to evidence that the police did not pursue certain leads or suspects. In short, any evidence that the defense can use to attack the character and substance of the government's investigation is admissible. Evidence of shoddy police work constitutes exculpatory evidence. See Kyles, supra, at 1569-1570 n. 13.

20. Finally, in complying with this request you should be aware of the following words of the Honorable Stephen S. Trott, United States Circuit Judge:

> Criminals are likely to say and do almost anything to get what they want, especially when what they want is to get out of trouble with the law....This willingness to do anything includes not only truthfully spilling the beans on friends and relatives, but also lying, committing perjury, manufacturing evidence, soliciting others to corroborate their lies with more lies, and double-crossing anyone with whom they come into contact, including--and especially--the prosecutor. A drug addict can sell out his mother to get a deal, and burglars, robbers, murderers and thieves are not far behind. Criminals are remarkably manipulative and skillfully devious. Many are outright conscienceless sociopaths to whom "truth" is a wholly meaningless concept. To some, "conning" people is a way of life. Others are just basically unstable people. A "reliable informer" one day may turn into a consummate prevaricator the next.[6]

This the reason why you should strictly comply with the request made in this letter.

Thank you very much for your consideration.

Sincerely,

/s/ Gregory B. English

GREGORY B. ENGLISH

GBE/jaj

*Copy to:*
Clerk's Office
United States District Court
   for the District of Columbia
Third & Constitution Avenue, N.W.
Washington, D.C.   20001

---

[6] Stephen S. Trott, Words of Warning for Prosecutors Using Criminals as Witnesses, 47 Hastings L.J. 1381, 1383 (1996).